UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JAMIE KEENE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:20-CV-P676-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| WELLPATH CORPORATION, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon a Fed. R. Civ. P. 12(b)(6) motion to dismiss filed by Defendant Wellpath, LLC[1] [R. 14]. Plaintiff Jamie Keene filed a Response [R. 28], and Wellpath replied. [R. 29] The matter is now ripe for decision. For the following reasons, the Wellpath's Motion to Dismiss will be granted.

**I.**

This is a *pro se* prisoner civil-rights action. Plaintiff is incarcerated at Luther Luckett Correctional Complex (LLCC). [R. 10, ¶ 3] Upon review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Eighth Amendment claims to proceed against Defendants "RN Courtney Forgy" and "ARNP Elaine Smith" in their individual capacities. [R. 9] The Court also allowed an Eighth Amendment claim to proceed against Defendant Wellpath, the employer of Defendants Forgy and Smith, based upon Plaintiff's allegations that Defendant Wellpath subjected him to cruel and unusual punishment by "failing to adequately train its personnel." [*Id.*; R. 10, ¶ 17]

---

[1] Wellpath, LLC was incorrectly named in the original Complaint as Wellpath Corporation. [*See* R. 1, p. 2; R. 15] The Court will refer to it as Wellpath, LLC or Wellpath.

## II.

Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). In addition, "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The duty to be less stringent with *pro se* complainants, however, does not require the Court to "abrogate basic pleading essentials," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975).

## III.

The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private entity that performs traditional state functions. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("'*Monell* [*v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)] involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.'" (citation omitted)). Further, the Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). Thus, private defendants like Wellpath that have contracted to provide medical services to inmates at LLCC are afforded the same analysis under § 1983 claims as municipalities.

"A plaintiff raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694). One way to prove an unlawful policy or custom is to show a policy of inadequate training or supervision. *See City of Canton v. Harris*, 489 U.S. 378, 387 (1989). To succeed on a municipal failure-to-train claim, "[a] plaintiff must establish that the municipality, through its policymakers, failed to train or supervise employees despite 1) having actual or constructive knowledge of a pattern of similar constitutional violations by untrained employees . . . or 2) the fact that the constitutional violation alleged was a patently obvious and 'highly predictable consequence' of inadequate training." *Essex v. County of Livingston*, 518 F. App'x 351, 355–56 (6th Cir. 2013) (internal citation omitted).

In its Motion to Dismiss, Wellpath argues that Plaintiff's allegation that it violated Plaintiff's rights by "failing to adequately train its personnel" is insufficient to state a claim upon which relief may be granted under *Twombly* and *Iqbal*. [R. 14, pp. 4–5] In his Response, Plaintiff argues that his failure-to-train allegation is sufficient to proceed at this time and that he will only be able to be add more factual details about this allegation once he has engaged in discovery with Wellpath and presented expert testimony regarding the medical care that he received. [R. 28, p. 3] In its Reply, Wellpath contends that Plaintiff cannot use pretrial discovery to cure an insufficient claim, and the current facts alleged do not lead to a plausible claim. [R. 29, pp. 2–4]

The Court agrees with Wellpath. There was a line of cases in the Sixth Circuit flowing from *Petty v. County of Franklin*, 478 F.3d 341 (6th Cir. 2007), which indicated that civil-rights plaintiffs asserting a *Monell* claim might not be held to the *Twombly* and *Iqbal* pleading standards because, without discovery, it is difficult for such plaintiffs to know whether the alleged policy or custom exists or what its contours might be. *See, e.g.*, *Estate of Romain v. City of Grosse Pointe Farms*, No. 14-12289, 2015 U.S. Dist. LEXIS 33919 (E.D. Mich. Mar. 18, 2015); *Young v. City of Highland Park*, No. 11-12780, 2011 U.S. Dist. LEXIS 126408 (E.D. Mich. Nov. 2, 2011); *Stack v. Karnes*, 750 F. Supp. 2d 892, 899 (S.D. Ohio 2010); *Medley v. City of Detroit*, No. 2:07-CV-15046, 2008 U.S. Dist. LEXIS 124554 (E.D. Mich. Sept. 6, 2008). However, *Petty*'s abrogation was recognized by the Sixth Circuit in *Bailey v. City of Ann Arbor*, which stated in no uncertain terms that "district courts may not rely on contrary language in *Petty* [], which is inconsistent with the Supreme Court's more recent and precedentially superior decisions in *Twombly* and *Iqbal*." 860 F.3d 382, 389 (6th Cir. 2017). This matter was also addressed by *Curney v. City of Highland Park*, No. 11-12083, 2012 U.S. Dist. LEXIS 45121 (E.D. Mich. Mar. 30, 2012):

> [T]his Court understands *Twombly* and *Iqbal* as requiring Plaintiff to allege some facts in his Complaint to support his conclusory allegation that Highland Park "fail[s] to adequately train and/or supervise its police officers." Plaintiff cannot allege a municipal liability claim hoping that discovery will reveal facts to support the claim. A lawsuit is not a fishing expedition for a plaintiff to discover a claim against the defendant. However, if discovery related to Plaintiff's claims against the individual officers uncovers facts supporting Highland Park's liability for their conduct, Plaintiff then can pursue a lawsuit against the municipality or seek to amend his Complaint in this case.

*Id.* at *12–13 (internal citation omitted); *see also Holliday v. Wells Fargo Bank, NA*, 569 F. App'x 366, 372 (6th Cir. 2014) ("It is well settled that a party cannot 'use the discovery process to obtain [the facts it needs to support its claim] after filing suit.'") (alteration in original) (quoting *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011)).

In light of this jurisprudence, the Court concludes that Plaintiff's allegation that Wellpath "fail[ed]" to adequately train its personnel" is insufficient to state a claim upon which relief may be granted under *Twombly* and *Iqbal*.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant Wellpath, LLC's motion to dismiss [R. 14] is **GRANTED**.

2. The **Clerk of Court** is **DIRECTED** to **terminate** Defendant Wellpath, LLC as a party to this action.

This the 6th day of April, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
      Counsel of Record
A958.011