UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JAMIE KEENE ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:20-CV-P676-CHB |
| ) | |
| v. ) | |
| ) | |
| WELLPATH CORPORATION *et al.* ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion to Stay the Ancillary Proceeding to Allow Additional Discovery by Plaintiff, Jamie Keene, *pro se*. [R. 41]. Defendants Elaine Smith and Courtney Forgy filed a Response. [R. 42]. Plaintiff filed a Reply. [R. 44]. Fully briefed, this matter is ripe for decision. For the following reasons, Plaintiff's Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Jamie Keene filed this *pro se* 42 U.S.C. § 1983 suit on September 21, 2020. [R. 1]. Plaintiff alleges that Defendants Wellpath, LLC, and its employees RN Courtney Forgy and APRN Elaine Smith were deliberately indifferent to his serious medical needs under the Eighth Amendment while he was incarcerated at the Luther Luckett Correctional Complex ("LLCC"). Plaintiff filed an Amended Complaint. [R. 10]. Plaintiff contends that he had to undergo an emergency colostomy on February 24, 2020, due to a "remnant rectosigmoid colon collapse" because of Defendants' failure to timely and properly assess his condition by means of an x-ray. [R. 1, p. 5].

The Court issued a Service and Scheduling Order on November 10, 2020, setting pretrial discovery and dispositive motion deadlines of March 4, 2021, and May 5, 2021, respectively. [R. 9]. Defendant Wellpath moved to dismiss the claims asserted against it pursuant to Federal Rule of Civil Procedure 12 [R. 14] which the Court granted [R. 30]. On May 5, 2021, Defendants Forgy and Smith filed a motion for summary judgment [R. 35], and Plaintiff responded on May 24, 2021 [R. 40].

On the same day he filed his response to Defendants' motion for summary judgment, Plaintiff filed a motion to stay any ruling on the motion until he is afforded additional discovery. [R. 41]. Specifically, Plaintiff moves the Court (1) to compel Defendants pursuant to Federal Rules of Civil Procedure 34 and 37 to provide for inspection and copying of (a) all written statements, emails, faxes, digitally retained reports about the February 24, 2020, incident made by doctor employees and/or witnesses, (b) all correspondence by Norton Healthcare Professionals about this incident, (c) and any and all rules, regulations, and policies of Wellpath, the existing contract between Wellpath and Kentucky Department of Corrections ("KDOC"), and the contracts between Wellpath and its staff; and (2) to allow Plaintiff the opportunity to submit interrogatories pursuant to Federal Rule of Civil Procedure 33 to Norton's medical staff (non-parties) involved in this incident regarding: how they would have treated an individual with Plaintiff's pre-existing conditions of acid reflux and Hepatitis C who complained of rectal bleeding and abdominal pain, follow-up questions that should be asked, when should an x-ray or MRI have been ordered, their opinion of care patients receive within the KDOC, whether the outcome of this specific case was preventable, and whether the outcome in other KDOC patients' cases was preventable.

Plaintiff states that a stay is needed because he had to undergo treatment at an outside facility and was then required to quarantine for 14 days upon return to LLCC. Plaintiff represents that he was unable to then file for discovery, interrogatories, or "first requests" under Rule 34 because he is a layperson under *Powell v. Alabama*, 287 U.S. 45 (1932), and his legal aid lacked the appropriate training.

Defendants filed an objection [R. 42] on May 28, 2021, to the stay arguing that the relevant factors weigh against allowing Plaintiff to reopen discovery for the purpose of submitting document requests and interrogatories to a nonparty to the litigation. Defendants maintain that Plaintiff could have sought records during the pretrial discovery period, but instead he waited until after Defendants filed their summary judgment motion. Additionally, Defendants complain that with the interrogatories Plaintiff requests to send to Norton Healthcare, he seeks to elicit medical opinion testimony about the subject matter of the lawsuit. Further, Defendants note that they issued subpoenas for Plaintiff's medical records from the KDOC and Norton Hospital, as well as Plaintiff's grievance records, and produced them to Plaintiff. With respect to Plaintiff's representation that he was under quarantine immediately after filing his "motion pursuant to Fed. R. Civ. P. 59," Defendants point out that the discovery deadline had already expired by the time he filed that motion. Defendants also argue that allowing Plaintiff to reopen discovery after Defendants' motion for summary judgment would be unduly prejudicial, and Plaintiff has not put forth a sufficient basis for doing so. Fed. R. Civ. P. 56(d).

In his reply dated June 16, 2021, Plaintiff states that he is unable to file any motion without the assistance of a prison-provided legal aid. [R. 44]. He was at a Norton Healthcare Medical Facility on March 6, 2021, and then was forced to quarantine upon his return to LLCC. *Id*. Plaintiff once again moves for the appointment of counsel in this reply. He also states that

he seeks discovery to show "how Wellpath, LLC is a party that need not be excluded to show the 'pattern' of a failure to train per law." [R. 44 at p. 6].

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 56(d)

Federal Rule of Civil Procedure 56(d) provides that if a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (citing *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003)). While the nonmoving party usually must file a formal affidavit that states "the materials [it] hopes to obtain with further discovery," . . . Rule 56(d) is also satisfied if the party complies with its "substance and purpose" by "inform[ing] the district court of [his] need for discovery prior to a decision on the summary judgment motion." *Moore v. Shelby Cty.*, 718 F. App'x 315, 319 (6th Cir. 2017) (internal quotation marks and formatting omitted); s*ee also Baker v. Jordan,* No. 3:18-CV-471, 2021 WL 3782896, at *2–6 (W.D. Ky. Aug. 25, 2021); *Reynolds v. Dollar Gen. Corp.*, No. 4:18-CV-00173, 2020 WL 6730884, at *2 (W.D. Ky. Nov. 16, 2020).

Rule 56(d) "offers the Court broad discretion to grant or deny additional time before ruling on summary judgment so long as its decision is not 'arbitrary, unjustifiable, or clearly unreasonable.'" *Baker*, 2021 WL 3782896 at *2 (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)). Accordingly, "[t]he decision of the District Court to grant or deny a Rule 56(d) motion is reviewed for abuse of discretion, and a district court does not abuse

4

its discretion to deny additional discovery when the requested discovery would be irrelevant to the underlying issues to be decided in the dispositive motion." *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208, 2017 WL 6940734, at *9 (W.D. Ky. May 25, 2017) (citing *In re Bayer Healthcare & Merial Ltd. Flea Control Products Mktg. & Sales Pracs. Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014); *United States v. Dairy Farmers of Am., Inc.*, 426 F.3d 850, 862 (6th Cir. 2005); *Hill v. Old Navy, LLC*, 20 F. Supp. 3d 643, 649 (W.D. Tenn. 2014) ("A Rule 56(d) request may be denied where the supporting declaration is vague or conclusory or where additional discovery could not make a factual or legal difference in the outcome.")).

As in *Moore*, the Court concludes that Plaintiff has complied with the "substance and purpose" of the procedural requirements of Rule 56(d) by filing the present motion setting forth the discovery he seeks in an effort to respond to Defendants' motion for summary judgment. *Moore*, 718 F. App'x at 319.

### B. Relevant Factors

When, as here, the party seeking relief under Rule 56(d) "has complied with its procedural requirements, 'the Sixth Circuit has provided guidance as to the factors a court should evaluate in considering whether to permit the requested discovery.'" *Baker*, 2021 WL 3782896 at *3 (internal citations omitted). These factors include "(1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the [party not seeking discovery] was responsive to discovery requests." *Naylor Med. Sales & Rentals, Inc. v. Invacare Continuing Care, Inc.*, No. 09-CV-2344, 2010 WL 2465477, at *3 (W.D. Tenn. June 14, 2010) (citing *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196–97 (6th Cir. 1995)). "If the party

seeking relief under [Rule] 56(d) has not received 'a full opportunity to conduct discovery,' denial of that party's [Rule] 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Baker*, 2021 WL 3782896 at *3 (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

  *1. When Plaintiff learned of the issue that is the subject of the desired discovery*

"This factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Baker*, 2021 WL 3782896 at *4 (quoting *Doe v. City of Memphis*, 928 F.3d 481, 492–93 (6th Cir. 2019)). Here, Plaintiff knew of the factual issues related to his claims of inadequate medical care from the date of his hospitalization on February 24, 2020, and knew that Forgy and Smith treated him and worked for Wellpath from at least the outset of the litigation on September 21, 2020—eight months prior to his filing of the Motion to Stay. [R. 1; R. 41]. As a result, this factor weighs against reopening discovery.

  *2. Whether the desired discovery would change the Court's ruling*

Plaintiff claims that he faced a violation of the Eighth Amendment at the hands of Forgy and Smith. [R. 1]. The Eighth Amendment prohibits prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To prove a deliberate indifference claim, a plaintiff must satisfy both an objective and subjective component. *Id.* (citations omitted). First, under the objective component, there must be a "sufficiently serious" medical need. *Id.* (citations omitted). Under the subjective component, the inmate must "show

that the prison officials have 'a sufficiently culpable state of mind in denying medical care.'" *Id.* (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)).

Without elaboration, Defendants argue that this factor—whether the desired discovery would change the Court's ruling—"either weighs against granting Plaintiff's motion or is neutral." [R. 42 at p. 4]. The Court finds that with respect to two of Plaintiff's three types of discovery requests, discovery would not affect the Court's decision on the pending summary judgment motion.

First, with respect to Plaintiff's request for any and all rules, regulations, and policies of Wellpath, the existing contract between Wellpath and KDOC, and the contracts between Wellpath and its staff, this information is not relevant to the current claims remaining in this litigation. Plaintiff's only rationale for this discovery request is that he seeks to show "how Wellpath, LLC is a party that need not be excluded to show the 'pattern' of a failure to train per law." [R. 44 at p. 6]. The Court previously dismissed Wellpath from this litigation, and there is no reason to revisit that dismissal. [R. 30; R. 43]. Discovery against a dismissed Defendant is not appropriate, and the Court will not allow it. *See, e.g., Ziss Bros. Constr. Co. v. City of Independence*, 439 F. App'x 467, 480 (6th Cir. 2011) ("[B]ecause the district court dismissed [the plaintiff's claims] for failure to state a claim, Plaintiff was not entitled to discovery on these claims."). Accordingly, any discovery centered around the pattern or practice of Wellpath would not affect the Court's decision as to whether Forgy and Smith are entitled to summary judgment.

Second, Plaintiff is not entitled to submit interrogatories pursuant to Rule 33[1] to Norton Healthcare or its staff because interrogatories pursuant to Rule 33 may only be submitted to

---

[1] Federal Rule of Civil Procedure 33, Interrogatories to Parties, provides in part:
    (a) In General.

7

parties. Because Norton Healthcare is not a party to this litigation, Plaintiff's request pursuant to Rule 33 would be denied.

Finally, Plaintiff also requests inspection and copying of all written statements, emails, faxes, digitally retained reports about the February 24, 2020, incident made by doctor employees and/or witnesses. While the record reflects that Defendants served Plaintiff with his KDOC Medical Records (LLCC 001-335) and his Grievance Records (LLCC Griev 001-011), there is no indication that Plaintiff has been provided with the information which he seeks or, for that matter, if that information even exists. However, information from Forgy and Smith such as statements, emails, and reports not contained in Plaintiff's medical records but related to Forgy and Smith's conduct over the six-day period could impact the resolution of the summary judgment motion. Because the specified discovery could shed additional light on whether Forgy and Smith were deliberately indifferent, the Court finds that it could impact how the Court rules on Defendants' motion for summary judgment. Thus, the second factor weighs in Plaintiff's favor based on his request for this additional discovery.

*3. The length of the discovery period*

Defendants assert that Plaintiff had available to him a discovery period of several months in which to request relevant information, and this factor weighs in favor of denying the requests to reopen discovery. [R. 42 at p. 4]. As recognized by the district court in a similar case: "Four months may be enough time to conduct discovery in some cases. But here, where [plaintiff] was an incarcerated pro se plaintiff for the majority of the case, the fact that discovery was only open for four months supports reopening it." *Baker*, 2021 WL 3782896 at *5 (citing *Calloway v.*

---

(1) Number. Unless otherwise stipulated or ordered by the court, *a party may serve on any other party* no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).
Fed. R. Civ. P. 33(a)(1) (emphasis added).

*Scribner*, No. 1:05-CV-01284, 2014 WL 1317608, at *1 (E.D. Cal. Mar. 27, 2014); *Draper v. Rosario*, No. 10-CV-0032, 2013 WL 6198945, at *1–2 (E.D. Cal. Nov. 27, 2013)). Therefore, the length of discovery period in light of Plaintiff's incarceration, COVID-19 restrictions, and pleading practice associated with Wellpath's Motion to Dismiss tips the third factor in favor of reopening discovery.

*4. Whether Plaintiff was dilatory in his discovery efforts*

The Sixth Circuit consistently holds that "[a] . . . motion requesting time for additional discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Doe v. City of Memphis*, 928 F.3d at 490–91 (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 n.7 (6th Cir. 2014)).

Defendants argue that Plaintiff was dilatory in his discovery efforts because he failed to submit any discovery requests to Defendants or to collect documents from any third party during the discovery period. Defendants represent that, in contrast, they issued subpoenas duces tecum for the collection of relevant records which they produced to Plaintiff. [R. 27].

Plaintiff argues that he was not dilatory but was instead being assisted by a legal aid in jail who believed that Plaintiff could not propound discovery requests until ordered by the Court. However, the record reflects that the Court did issue a Service and Scheduling Order on November 10, 2020, setting a March 4, 2021, discovery deadline. [R. 9]. At that same time, the Court ordered the Clerk of Court to mail Plaintiff a copy of the *Pro Se* Prisoner Handbook which provides information regarding discovery, including the warning that: "The scheduling order you receive from the Court will have a discovery deadline in it. This means that you will not be able to take discovery beyond this date." *Pro Se* Prisoner Handbook at p. 10.

Additionally, Plaintiff maintains that "immediately after filing [his] motion pursuant to Fed. R. Civ. P. 59 [signed April 15, 2021]," he underwent treatment at an outside facility, and once he returned to the LLCC, he was required to quarantine for 14 days and could not propound discovery requests. [R. 41 at p. 4]. However, the record reflects that Plaintiff's medical treatment and quarantine occurred *after* the pretrial discovery period had lapsed [R. 9] and did not affect the timeliness of discovery requests.

The Court recognizes that Plaintiff had only four months to conduct discovery while incarcerated and prosecuting his case *pro se*. However, Plaintiff did not request *any* discovery until after Defendants filed their timely motion for summary judgment despite the November 10, 2020, scheduling order and the instructions provided in the *Pro Se* Prisoner Handbook. Based on these considerations, the Court finds that Plaintiff was dilatory in his discovery efforts. As a result, this factor weighs against reopening discovery.

*5. Whether Defendants were responsive to discovery requests*

Because Plaintiff did not make any discovery requests prior to the motion for summary judgment, this factor is inapplicable. *See Plott*, 71 F.3d at 1196–97; *Quartermouse v. Bullitt Cty. Fiscal Ct.*, No. 3:19-CV-264, 2020 WL 12309716, at *4 (W.D. Ky. Aug. 25, 2020).

**C. Balancing the Factors**

Two of the four applicable factors weigh in Plaintiff's favor and two factors weigh against him. Having balanced the factors and, although a close call, the Court will allow Plaintiff to pursue additional discovery. Plaintiff should review the discovery section in the *Pro Se* Prisoner Handbook to ascertain how to acquire discovery from a non-party if he seeks to obtain any additional discovery from Norton Healthcare or any other non-party. *Pro Se* Prisoner Handbook at pp. 10–11; *see also* Fed. R. Civ. P. 45. While the Court is aware that Plaintiff

never tendered his Rule 34 requests formally to Defendants, the Court will order the production of these documents to expedite discovery.

After discovery is conducted, the factual record may be different than it was when Defendants first filed the motion for summary judgment. As a result, and pursuant to Rule 56(d)(1), the Court will deny without prejudice Defendants' motion for summary judgment.

### III. CONCLUSION

For these reasons**, IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Stay Ancillary Proceeding to Allow Additional Discovery [R. 41] is **GRANTED**. Discovery is **REOPENED** to permit Plaintiff to conduct additional discovery. An actual stay of the case is not necessary.

2. Defendants' motion for summary judgment [R. 35] is **DENIED WITHOUT PREJUDICE WITH LEAVE TO REFILE** after the discovery deadline.

3. Defendants' motion for leave to seal Plaintiff's medical records [R. 36] is **GRANTED**. Defendants articulated a compelling interest in sealing the medical records which outweighs the public's interest in accessing the records. *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016); Fed. R. Civ. P. 5.2(d).

4. Plaintiff's request for appointment of counsel [R. 44] is **DENIED** for the reasons set forth in the Court's previous Memorandum and Order Denying Motion to Appoint Counsel [R. 8].

5. **No later than June 17, 2022,** the parties shall complete all pretrial discovery. All dispositive motions, including motions for summary judgment under Federal Rule of Civil Procedure 56, shall be filed **no later than July 15, 2022**.

      6. **No later than March 8, 2022**, Defendants shall provide Plaintiff pursuant to Federal Rule of Civil Procedure 34 all written statements, originals or copies, emails, faxes, digitally retained reports about the February 24, 2020, incident made by doctor employees and/or witnesses and all correspondence received from Norton Healthcare about this incident.

      7. The Clerk of Court is **DIRECTED** to mail Plaintiff another copy of the ***Pro Se Prisoner Handbook***.

      This the 17 day of February 2022.

*[Signature]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:    Plaintiff, *pro se*
       counsel of record